# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | | |
|---|---|---|
| PREVALENCE HEALTH, LLC | : | Case No. 09-02016-ee |
| | : | |
| Debtor, | : | Chapter 11 |
| | : | |

## LIMITED OBJECTION OF AMERISOURCEBERGEN TO DEBTOR'S MOTION TO APPROVE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

AmerisourceBergen Drug Corporation ("AmerisourceBergen"), the largest unsecured creditor in the above-captioned case, by and through its undersigned attorneys, hereby files its limited objection to the above-captioned debtor's and debtor-in-possession's (the "Debtor") *Motion to Approve Sale of Assets Free and Clear of Liens, Claims and Interests and Assumption and Assignment of Executory Contracts* (the "Sale Motion"), and respectfully represents as follows:

### BACKGROUND

1.  On June 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtor has continued to operate its business and manage its properties as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.  The Debtor is an Illinois corporation in the business of providing medication and disease management services to its clients in multiple states as well as operating a home delivery pharmacy.

PHIL1 867966-1

3. AmerisourceBergen is the Debtor's largest unsecured creditor, holding an unsecured claim against the Debtor in the approximate amount of $3.2 million. This represents a majority of all debt in this case.

4. On August 28, 2009, the Debtor filed the Sale Motion seeking an order from this Court authorizing it to enter into two asset purchase agreements. The first asset purchase agreement (the "SafeMeds Agreement"), is dated August 28, 2009, and is between the Debtor and SafeMeds Solutions, LLC ("SafeMeds"). The SafeMeds Agreement seeks to sell substantially all of the Debtor's business assets to SafeMeds. The second asset purchase agreement (the "Post Entity Agreement"), is dated August 18, 2009, and is between the Debtor and "an LLC to be organized under the laws of the State of Florida by David B. Post of Fairfax County, Virginia" ("Post Entity," and collectively with SafeMeds the "Purchasers"). The Post Entity Agreement seeks to sell substantially all of the Debtor's Florida business assets.

5. The Sales Motion also provides for the assumption and assignment to the Purchasers of certain of the Debtor's executory contracts pursuant to section 365 of the Bankruptcy Code.

6. For the reasons hereinafter set forth, AmerisourceBergen objects to the relief sought in the Sale Motion.

## THE RELIEF REQUESTED AND THE REASONS THEREFORE

7. The Debtor herein seeks an order authorizing it to sell substantially all of its assets to the Purchasers outside of the ordinary course of business under section 363(b) of the Bankruptcy Code. The Fifth Circuit has held that the proponent bears the burden establishing a business justification for the proposed section 363 (b) transaction. *See Institutional Creditors of Continental Air Lines v. Continental Air Lines, Inc., (In re Continental Air Lines, Inc.),* 780 F.2d 1223, 1226 (5th Cir. 1986). When determining the sufficiency of the Debtor's asserted business

2

justification, the Fifth Circuit adopted the analysis used by the Second Circuit which held that a bankruptcy judge:

> should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of property, which of the alternatives of use, sale or lease the proposal envisions and most importantly perhaps, whether the asset is increasing or decreasing in value. This is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

*In re Continental Air Lines Inc.,* 780 F.2d at 1126 (quoting *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983)). It is AmerisourceBergen's position that the Debtor has failed to establish, under the above guidelines, that the sales proposed in the Sale Motion are supported by a sufficient business justification because the two asset purchase agreements appear to sell overlapping assets.

        8.     It is indisputable that selling overlapping assets to two distinct entities constitutes an unjustifiable business decision. Section 1.2 of the SafeMeds Agreement sets forth the Debtor's Assets that are to be sold to SafeMeds. *See Sale Motion,* Exhibit A at § 1.2. Some of the assets proposed to be sold to SafeMeds include:

> 1.2.1.1   Inventory and Supplies. *All* of the Seller's [1] inventories or supplies used in the Business . . .;
> 1.2.1.2   Tangible Personal Property. *All* of the Seller's tangible personal property used in the Business, *wherever located,* . . .
> 1.2.1.4   Permits. *All* of the Seller's licenses permits, and/or provider's numbers . . . ;
> 1.2.1.7   Intangible Property. *All* general intangibles of the Seller related to the Business; . . . and
> 1.2.1.8   Records; Data. *All* of the Seller's books and records. . . .

---

[1] The "Seller" in the SafeMeds Agreement is the Debtor.

*Id.* (emphasis added).  The Debtor seeks to sell what appears to be some of the exact same assets to the Post Entity pursuant to the Post Entity Agreement.  *See* Sales Motion, Exhibit B at § 1.2.  Some of the assets being sold to the Post Entity under section 1.2 of the Post Entity Agreement include:

> 1.2.1.1   <u>Inventory and Supplies.</u>  *All* of the Seller's [Debtor] inventories or supplies used in the Business related to Florida. . .;
> 1.2.1.2   <u>Tangible Personal Property.</u>  *All* of the Seller's tangible personal property used in the Business, related to Florida, . . .
> 1.2.1.4   <u>Permits.</u>  *All* of the Seller's licenses permits, and/or provider's numbers which are utilized by Seller or the Business related to Florida . . . and situated in the Florida premises on August 26, 2009; . . .
> 1.2.1.6   <u>Intangible Property.</u>  *All* general intangibles of the Seller related to the Business; . . . and
> 1.2.7.7   <u>Records; Data.</u>  *All* of the Seller's books and records. . . .

*Id.* (emphasis added).  Further, the Sale Motion itself even acknowledges the deficiency stating "[b]ecause of the multiple bids for different parts of the Assets, it may be necessary to coordinate and modify the Asset Purchase Agreements of SafeMeds and Post Entity."  Sales Motion, ¶ 11.  In sum, the Debtor's Florida business assets being sold to the Post Entity pursuant to the Post Entity Agreement are also being sold under the broader SafeMed Agreement to SafeMed.  There is no sound business justification for selling the same assets twice.

9.   Accordingly, AmerisourceBergen files this limited objection to the Sale Motion seeking that the two bids be clarified to ensure they are not each seeking to sell overlapping assets.

10.   Moreover, the Debtor has retained Guy Stillwell, as a consultant/broker to market the Debtor's assets for sale.  Stillwell has advised AmerisourceBergen that recent interest from third parties has been expressed and he expects competitive bidding for all or parts of the Debtor's assets.  Accordingly, to maximize the value of the assets for the benefit of creditors, the Court should entertain any competitive bid up to the sale hearing, currently set for September 16, 2009.

4

**CONCLUSION**

11. In sum, the analysis set forth by the Fifth Circuit in *Continental,* at a minimum, requires a bankruptcy court to, analyze whether or not the Debtor has proffered a sufficient business justification for the proposed sale.  However, it is axiomatic that proposing to sell the same assets twice to two different purchasers lacks a sound business justification.  Therefore, this Court should deny the Sale Motion unless and until the two bids herein are clarified to ensure that the two Purchasers are not seeking to buy the same assets.  AmerisourceBergen also asks that the Court permit competing bids to be filed up until the sale hearing currently scheduled for September 16, 2009.

WHEREFORE, AmerisourceBergen respectfully requests the entry of an order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated:  September 11, 2009                KLEHR, HARRISON, HARVEY,
                                          BRANZBURG & ELLERS, LLP


                                          By: */s/ Morton Branzburg*
                                          Morton Branzburg
                                          260 South Broad Street
                                          Philadelphia, PA  19102
                                          Telephone:  (215) 569-3007
                                          Fax:  (215) 568-6603

                                          Counsel for AmerisourceBergen Drug Corp.

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | | |
|---|---|---|
| PREVALENCE HEALTH, LLC | : | Case No. 09-02016-ee |
| | : | |
| Debtor, | : | Chapter 11 |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of September, 2009, he caused a copy of the foregoing **LIMITED OBJECTION OF AMERISOURCEBERGEN TO DEBTOR'S MOTION TO APPROVE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS** to be served electronically through the Courts ECF system on all parties entitled to receive service electronically and was separately served on the attached service list via First Class United States mail, postage prepaid.

Dated: September 11, 2009          KLEHR, HARRISON, HARVEY,
                                    BRANZBURG & ELLERS, LLP


                                    By: */s/ Morton Branzburg*
                                        Morton Branzburg
                                        260 South Broad Street
                                        Philadelphia, PA  19102
                                        Telephone:  (215) 569-3007
                                        Fax:  (215) 568-6603

                                        Counsel for AmerisourceBergen Drug Corp.

**SERVICE LIST**

Ronald H. McAlpin Esq.
Trial Attorney, Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269

Mr. Phillip Theodore
A&I Solutions, LLC
256 Seaboard Lane
Franklin, TN 37067

Mr. Brian T. O'Neil
DDP Medical Diamond Diabetic Products
11800 28th Street
Saint Petersburg, FL 33716

Mr. Alan H. Walters
First Commercial Bank
1300 Meadowsbrook Rd.
Jackson, MS 39211

Mr. James G. Lang
Hamilton Partners, Inc.
300 Park Boulevard, Suite 500
Itasca, IL 60143

SO CERTIFIED, this 11th day of September, 2009.

/s/ Morton R. Branzburg, Esq.